## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4144 | **DATE** | ½/2003 |
| **CASE TITLE** | \multicolumn{3}{l|}{Hinman Building Corp. vs. Alfred Hackbarth, III} |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order and Opinion. It may be that there is some obvious answer to that proposition that has not occurred to this Court. But if so, Hinman's counsel is expected to identify that in his forthcoming memorandum, failing which this court expects that the FAC, with its prospective new Count II, would be rejected because of its failure to state a claim.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JAN 0 3 2003 date docketed | |
| ✗ | Docketing to mail notices. | | 9 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SN | courtroom deputy's initials | 03 JAN -3 AM 7:51 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HINMAN BUILDING CORP., an )
Illinois corporation, )
 )
      Plaintiff, ) No. 02 C 4144
 )
  v. ) Judge Shadur
 )
ALFRED E. HACKBARTH, III, )
 )
      Defendant. )

## MEMORANDUM ORDER AND OPINION

On December 30 counsel for Hinman Building Corp. ("Hinman") submitted a motion for leave to file a First Amended Complaint ("FAC"), adding a new claim that defendant Alfred Hackbarth, III ("Alfred") is obligated to pay Hinman $584,000 in damages -- the amount of corporate income taxes that Hinman must assertedly bear because Alfred refused to consent to the corporate conversion from a C Corporation to an S Corporation (as he was assertedly first requested to do back in 1994). This Court simply entered and continued that motion, in conjunction with which continuance it orally ordered Hinman's counsel to file a supporting memorandum on or before January 21, 2003.

This memorandum order is issued to require that Hinman's counsel include in that supporting memorandum the discussion of an issue that this Court did not identify in its brief December 30 oral discussion of the matter, but that on further thought appears to pose an obvious question as to the viability of Hinman's newly-advanced putative claim. It will be recalled that

the gravamen of the underlying lawsuit, as set out in Hinman's original Complaint (which is repeated as FAC Count I) and in Alfred's responsive pleading to the original Complaint has to do with the sum to which Alfred became entitled as a minority shareholder when his uncle, majority shareholder Philip Hackbarth ("Philip"), caused the corporation to engage in a reverse stock split that included the cash-out of Alfred's resultant fractional share of stock (amounting to 2/3 of a share). But it would surely seem that if that type of corporate restructuring was available in March 2002 when Philip and Hinman chose to pursue it, it was equally available to them in 1994.

It would thus appear that if Philip (for whom we may fairly read "Hickman," as putative Count II ¶ 31 states) was unhappy with Alfred's 1994 refusal to consent, Philip and Hinman could have engaged in the identical reverse stock split immediately. And if that is indeed the case, it follows that any claimed consequent damage potentially sustainable by Hinman by reason of the provisions of 26 U.S.C. § 1374 was directly attributable to the inaction by Philip and Hinman (or was totally avoidable by them), rather than being caused (in any proximate-cause sense) by Alfred's 1994 refusal to consent to Hinman's conversion to S Corporation status.

It may be that there is some obvious answer to that proposition that has not occurred to this Court. But if so,

2

Hinman's counsel is expected to identify that in his forthcoming memorandum, failing which this Court expects that the FAC, with its prospective new Count II, would be rejected because of its failure to state a claim.

_____
Milton I. Shadur
Senior United States District Judge

January 2, 2003